UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DESPINA JEVELEKIDES and JAMES N.
GRAY, III,

                         Plaintiffs,

          -against-                              3:14-cv-1517 (LEK/DEP)

LINCOLN NATIONAL CORPORATION,
*et al.*,

                         Defendants.

## MEMORANDUM-DECISION and ORDER

**I.    INTRODUCTION**

      Plaintiffs Despina Jevelekides ("Jevelekides") and James N. Gray III ("Gray") (collectively, "Plaintiffs") commenced the instant action on October 7, 2014, in New York Supreme Court, County of Broome, asserting various causes of action regarding the payment of benefits on a long-term disability insurance policy. Dkt. No. 1-1 ("Complaint"). Defendants Lincoln National Life Insurance Company ("Lincoln Life"), Lincoln National Corporation ("Lincoln National"), and Lincoln Financial (collectively, "Defendants") removed the action pursuant to 28 U.S.C. § 1441 on December 16, 2014, on the ground that Plaintiffs' claims arise, in whole or in part, under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Dkt. No. 1. Presently before the Court is Defendants' Motion to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Dkt. Nos. 9 ("Motion"); 9-9 ("Memorandum"). For the following reasons, Defendants' Motion is granted.

## II. BACKGROUND[1]

The present action concerns a group long-term disability insurance policy (the "Policy") issued to Jevelekides' former employer, Boscov's, Inc. ("Boscov's"), effective January 1, 2002.[2] Compl. ¶ 4; Dkt. No. 9-2 ("Policy").[3] The Policy provides long-term disability benefits to eligible Boscov's employees. Compl. ¶ 4; Policy.

Jevelekides was diagnosed with Stage IV cervical cancer in February 2007. Compl. ¶ 5. She was eligible for long-term disability benefits under the Policy and properly submitted a claim to Jefferson Pilot. Id. ¶ 6. Her claimed disability began on February 8, 2007. Dkt. No. 9-3.[4] The Policy requires a 180-day "Elimination Period," from the first date of disability, before benefit payments can begin. Policy at Schedule of Benefits, 4. The employee must submit written proof of

---

[1] Because this matter is before the Court on a motion to dismiss for failure to state a claim, the allegations of the Complaint are accepted as true and form the basis of this section. See Boyd v. Nationwide Mut. Ins. Co., 208 F.3d 406, 408 (2d Cir. 2000); see also Matson v. Bd. of Educ., 631 F.3d 57, 72 (2d Cir. 2011) (noting that, in addressing a motion to dismiss, a court must view a plaintiff's factual allegations "in a light most favorable to the plaintiff and draw[ ] all reasonable inferences in her favor").

[2] The Policy was issued by Jefferson Pilot Financial Insurance Company. Compl. ¶ 4. On July 2, 2007, Jefferson Pilot merged with Lincoln Life, and Lincoln Life assumed all assets and obligations of Jefferson Pilot, including obligations on the Policy. Id. ¶ 7.

[3] A "court may permissibly consider documents other than the complaint in ruling on a motion under Rule 12(b)(6)." Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007). A "complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995) (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991)). Moreover, a court may consider a document "upon which [the complaint] solely relies and which is integral to the complaint." Cortec Indus., 949 F.2d at 48. Defendants' obligations under the Policy are the basis of each of Plaintiffs' causes of action. The Policy is therefore integral to the Complaint and properly considered by the Court on Defendants' Rule 12(b)(6) Motion.

[4] The attending physician's statement, Dkt. No. 9-3, is incorporated by reference into the Complaint. See Compl. ¶ 6.

claim within ninety days of the end of the Elimination Period. Id. at 21. Because Jevelekides' claimed disability began February 8, 2007, her written proof of claim was therefore due by November 5, 2007.

On July 11, 2007, Lincoln Life approved Jevelekides' claim, and on August 6, 2007, Lincoln Life began sending Jevelekides monthly benefit payments of $1,113.00. Compl. ¶ 8; Dkt. No. 9-4 ("July 11, 2007 Letter").[5] Lincoln Life also notified Jevelekides that she had an obligation to apply for Social Security Disability Income ("SSDI"), and that her benefit payments would be reduced by the amount of SSDI she received. See Compl. ¶ 9.[6] While Jevelekides' application for SSDI was pending, Lincoln Life offered Jevelekides two options to avoid overpayment: (1) Lincoln Life could estimate the amount of SSDI she would receive and reduce her monthly payments accordingly; or (2) she could continue receiving full payments and repay any overpayment upon being awarded SSDI. Id.; July 11, 2007 Letter. Jevelekides elected to continue receiving full monthly benefits subject to a repayment obligation. See July 11, 2007 Letter.

Jevelekides did not believe she was entitled to SSDI for her cancer because she was already receiving SSDI for another condition. See Compl. ¶ 10. On or about December 27, 2001, Jevelekides had applied for SSDI due to osteoarthritis in both her hips. Id. ¶ 3. Her application was approved on September 12, 2003, and she began receiving benefits retroactively from October 1,

---

[5] The July 11, 2007 Letter is incorporated by reference into Plaintiffs' Complaint. See Compl. ¶ 8.

[6] The Complaint states that this correspondence occurred on July 11, 2008. Compl. ¶ 9. However, Jevelekides completed a form in reference to her obligation to apply for SSDI dated July 17, 2007. See July 11, 2007 Letter. When a plaintiff's allegations are inconsistent with documents incorporated by reference, the documents shall control. Matusovsky v. Merrill Lynch, 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002).

2001. See id. Jevelekides informed Lincoln Life that she already was receiving SSDI for her osteoarthritis, but was advised that she could also receive benefits for her cancer. Id. ¶ 10. The Social Security Administration had previously advised Jevelekides to the contrary. Id.

In a letter dated October 1, 2008, Lincoln Life informed Jevelekides that she had been overpaid $12,637.81 because she and her dependent, Gray, had been awarded $1,386 in SSDI benefits monthly, beginning on March 1, 2008. Id. ¶ 11; Dkt. No. 9-5 ("October 1, 2008 Letter").[7] The letter also notified Jevelekides that her benefits would be reduced to $111.30 per month. Compl. ¶ 12; October 1, 2008 Letter.

Plaintiffs' Complaint contains four causes of action related to the reduction in benefits: (1) breach of contract; (2) unjust enrichment; (3) misrepresentation; and (4) breach of duty of good faith and fair dealing. Compl. ¶¶ 14, 18, 20, 22. Plaintiffs seek to recover the difference between the monthly benefits originally awarded under the Policy and the benefits as reduced by the SSDI Jevelekides allegedly was receiving. See id. ¶¶ 15, 18.

## III. LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also FED. R. CIV. P. 12(b)(6). A court must accept as true the factual allegations contained in a complaint and draw all inferences in a plaintiff's favor. See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule

---

[7] The October 1, 2008 Letter is incorporated by reference in the Complaint. See Compl. ¶ 11.

12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility requires "enough fact [s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See id. at 678-79.

## IV. DISCUSSION

Defendants argue that the Complaint should be dismissed because all of Plaintiffs' causes of action are preempted by ERISA. Mem. at 5-9. Defendants further argue that allowing Plaintiffs to amend the Complaint to assert an ERISA cause of action would be futile because any claim Plaintiffs could assert pursuant to ERISA would be barred by the Policy's limitations period. Id. at 9-11. Defendants additionally argue that Gray has no standing under ERISA and that Plaintiffs have not asserted any allegations against Lincoln National or Lincoln Financial. Id. at 12-14.

### A. Preemption

The Policy is an "employee welfare benefit plan," as defined by ERISA. 29 U.S.C. § 1002(1)(A) (defining "employee welfare benefit plan" as "any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing . . . benefits in the event of . . . disability"). Plaintiffs' causes of action are therefore subject to ERISA's broad preemption

5

provision, which states that ERISA "shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).

"A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1983). ERISA preemption is "not limited to 'state laws specifically designed to affect employee benefit plans.'" Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47-48 (1987) (quoting Shaw, 463 U.S. at 98). The Second Circuit has found ERISA preemption applicable to "state laws that would tend to control or supersede central ERISA functions—such as state laws affecting the determination of eligibility for benefits, amounts of benefits, or means of securing unpaid benefits." Gerosa v. Savasta & Co., Inc., 329 F.3d 317, 324 (2d Cir. 2003). "As to state common law claims, ERISA preempts those that seek 'to rectify a wrongful denial of benefits promised under ERISA-regulated plans, and do not attempt to remedy any violation of a legal duty independent of ERISA.'" Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 114 (2d Cir. 2008) (quoting Aetna Health Inc. v. Davila, 542 U.S. 200, 214 (2004)).

Each of Plaintiffs' causes of action are premised on eligibility for benefits and the amount of benefits due under the Policy, and do not assert legal duties independent of the Policy. See Compl. ¶¶ 15-16, 18, 20-22. Plaintiffs have not argued to the contrary. See Dkt. No. 10 ("Response"). Accordingly, Plaintiffs' causes of actions relate to the Policy and are within the scope of ERISA's preemption provision. 29 U.S.C. § 1144(a).

Finding that Plaintiffs' causes of action are preempted, however, does not end the matter. "Where a district court determines that a state law claim is preempted by ERISA, it may properly treat the claim as one brought under ERISA and decide it on the merits." Wilkins v. Time Warner

6

Cable, Inc., 10 F. Supp. 3d 299, 318 (N.D.N.Y. 2014) (Kahn, J.). ERISA § 502(a)(1)(B) establishes a cause of action "to recover benefits due [a participant or beneficiary] under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Plaintiffs have also requested leave to amend the Complaint to assert a cause of action under ERISA § 502(a)(1)(B). Resp. at 6-7. Defendants argue that the Policy's limitations period bars Plaintiffs from asserting any cause of action under ERISA § 502(a)(1)(B). Mem. at 9. The Court will therefore consider whether Plaintiffs would be barred under the limitations period from asserting a cause of action under ERISA § 502(a)(1)(B).

**B. Limitations Period**

ERISA does not prescribe a limitations period for § 502(a)(1)(B) actions. Burke v. PriceWaterHouseCoopers LLP Long Term Disability Plan, 572 F.3d 76, 78 (2d Cir. 2009). The Supreme Court recently held in Heimeshoff v. Hartford Life & Acc. Ins. Co., that "in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period." 134 S. Ct. 604, 611 (2013).[8] Similarly, parties can contract as to when a limitations period commences. Id. "The principle that contractual limitations provisions ordinarily should be enforced as written is especially appropriate when enforcing an ERISA plan," because "'[t]he plan, in short, is at the center of ERISA.'" Id. at 611-12 (quoting US Airways, Inc. v. McCutchen, 133 S. Ct. 1537, 1548 (2013)).

---

[8] New York law permits parties to a contract to agree upon a limitations period shorter than that prescribed by statute. N.Y. C.P.L.R. § 201.

The Policy states that "[n]o legal action to recover any benefits may be brought until sixty days after the required written proof of claim has been given. No legal action may be brought more than three years after the date written proof of claim is required." Policy at 23. As stated *supra*, Plaintiffs' written proof of claim was due by November 5, 2007. Therefore, the limitations period required Plaintiffs to file suit by November 5, 2010. Plaintiffs, however, did not commence suit until July 11, 2014.[9]

Plaintiffs' action is therefore untimely, provided that the Policy's three-year limitations period is reasonable. In Heimeshoff, the Supreme Court upheld a similar three-year limitations provision—running from when proof of loss was due—as reasonable. 134 S. Ct. at 612-13. The Heimeshoff Court reasoned that a three-year limitations period was not "unreasonably short on its face" because, under ERISA regulations, the internal review process is ordinarily resolved in one year. Id. at 612. District courts in the Second Circuit have also enforced similar limitations provisions. See Rotondi v. Hartford Life & Accident Grp., No. 09 Civ. 6287, 2010 WL 3720830, at *8 n.6 (S.D.N.Y. Sept. 22, 2010) (citing Second Circuit cases enforcing three-year limitations period running from when proof of loss was due). Plaintiffs have not argued that the limitations provision is unreasonable, see generally Resp., and no reason appears to the Court for finding it so.

Plaintiffs instead argue that the language of the limitations provision indicates that it is inapplicable to Plaintiffs' action. Resp. at 1-3. Plaintiffs first argue that the provision only relates

---

[9] Under New York law, an action may be commenced by filing a summons and complaint or a summons with notice. N.Y. C.P.L.R. § 304. Although Plaintiffs did not file their Complaint until October 7, 2014, they filed a summons with notice on July 11, 2014. See Dkt. No. 1-1 ("Summons"). Defendants argue that Plaintiffs failed to serve the Summons with notice and that this action is therefore subject to dismissal. Dkt. No. 11 ("Reply"). Because the Court finds that Plaintiffs' action is barred under the limitations period, it need not address Defendants' service argument.

8

to the procedures for pursuing a claim under the Policy, and does not apply to legal actions brought on the Policy. Id. at 1-2. In support, Plaintiffs note that the sub-section of the Policy in which the provision appears is entitled, "Claim Procedures." Id. However, the text of the provision clearly applies to "legal actions." Policy at 23. Second, Plaintiffs argue the provision does not apply because Jevelekides' claim was not denied and Plaintiffs are only contesting the amount of benefits awarded. Resp. at 3. This argument is also misdirected. The provision bars any "legal action to recover any benefits" outside of the limitations period. Policy at 23. The language does not distinguish between an action based on the denial of benefits and an action challenging the amount of benefits, and the Court will not make such a distinction. See Webb v. Gardner, Carton & Douglas LLP Long Term Disability Plan, 899 F. Supp. 2d 788, 793-94 (N.D. Ill. 2012). Finally, Plaintiffs argue that the Court should apply the principle of *contra proferentem*, and should interpret ambiguity in the provision against Defendants, who drafted it. Resp. at 2-3 (quoting Restatement (Second) of Contracts § 206 (1981) ("In choosing among the reasonable meanings of a promise or agreement or a term thereof, that meaning is generally preferred which operates against the party who supplies the words or from whom a writing otherwise proceeds.")). However, *contra proferentem* does not apply here, where the language of the provision is unambiguous. See United Nat'l Ins. Co. v. Waterfront N.Y. Realty Corp., 994 F.2d 105, 109 (2d Cir. 1993).

Thus, even if Plaintiffs had brought their claims under § 502(a)(1)(B), the claims would have been untimely. Plaintiffs' Complaint is therefore dismissed with prejudice.[10]

---

[10] Because the Complaint raises wholly pre-empted causes of action and Plaintiffs are time-barred from asserting a cause of action under ERISA § 502(a)(1)(B), the Court need not address Defendants' arguments with respect to Gray's standing, or the lack of allegations against Lincoln National and Lincoln Financial.

9

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion (Dkt. No. 9) to dismiss is **GRANTED**; and it is further

**ORDERED**, that Plaintiffs' Complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:  June 22, 2015
        Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge